The opinion of the court was delivered by
Tilghman, C. J.
William Patton, the plaintiff below, who resides in Charleston, South Carolina, was employed by the de *254 fendant, Edward Eouvert, as an agent, or factor, for the sale of sundry goods of the defendant, shipped from Philadelphia to Charleston. Before the goods were sold, the defendant drew on the plaintiff for one thousand dollars, and the draft was accepted and paid. The plaintiff afterwards drew on the defendant at three days’ sight, for eight hundred and thirty dollars. This draft was not accepted, in consequence of which it was protested, and the plaintiff had to take it up with ten per cent, damages, according to the law of South Carolina. The plaintiff afterwards sold the defendant’s goods at auction, which not being sufficient to satisfy the amount claimed by the plaintiff, this action was brought for the recovery of the balance. The price for which the defendant’s goods were sold at auction, was far below what he expected, and, as he says, below what the plaintiff had a right to sell them for, according to the instructions given by the defendant. The first point made by the defendant’s counsel, on the trial of the cause, was, that the plaintiff was answerable in damages, for sacrificing the goods of the defendant contrary to orders, and this was proposed to the court as matter of law. The opinion of the court was, that the plaintiff had a right to make the sale. Whether he had a right or not, depended on a long correspondence, consisting of a number of letters between the plaintiff and defendant; not easily reducible to mere matter of law. It has been usual to leave such things to the jury; arid if the counsel on either side think proper to take the court’s opinion, on matters of blended fact and law, it is impossible to reverse the judgment for an error in that opinion, because, so far as facts intervene, the error, if there be one, is an error, not in law but in fact; and consequently, not the subject of revision in a court of error. On examining the correspondence between these parties, it does not appear that the defendant’s instructions were definite, or uniform. The goods were shipped from Philadelphia in June, 1818. It turned out, that they did not suit the Charleston market. The defendant, supposing that the plaintiff would be in cash, from the sales, drew on him on the 7th of October, 1818, at thirty days’ sight, for one thousand dollars. And, in a letter of the same date, he says, “ I never bind my agents, but trust to their judgment.” He made no objection -to a sale by auction, but approved of it, after he had been informed that the plaintiff meant to try that mode. But it is certain, that after the defendant found that his draft had been protested, he let the goods go at a lower price than he would otherwise have done. To decide whether the plaintiff’s conduct was justifiable, a variety of circumstances must be taken into consideration, many of which are facts; and I have tried in vain to bring it to a case of pure law. Indeed, the counsel for the plaintiff in error has assigned it for error, that the cause was taken from the jury, to whom it ought td have been submitted. In his own. opinion, then, it was not matter of law. How then stands the case? Thu *255 counsel for the defendant asks the court’s opinion on matter of fact, which is given. Can the judgment be reversed, for an error in matter of fact? It certainly cannot, because the court of error cannot try the fact, and therefore cannot say whether there was error or not. But there is another error complained of. The court charged, that if the plaintiff had paid the ten per cent, damages on bis draft, he was entitled to recover it of the defendant. I do not think that the conclusion is warranted by the premises. The question is not simply whether the plaintiff paid the damages, but whether he had a right to throw on the defendant those damages which were the consequences of his own act. When the defendant drew on the plaintiff at thirty days’ sight, for one thousand dollars, and the plaintiff accepted the bill, it was the expectation of both parties, that the plaintiff’s advance of one thousand dollars would soon be replaced by the sale of the defendant’s goods, and that expectation continued, at least on the part of the defendant, for a considei’able time. The plaintiff was never authorized by the defendant to draw the bill on which damages are claimed; although he offered to take it up, if thirty days, instead of three, were allowed for payment. The plaintiff had a right to demand his money, and bring suit, if not paid; or, what is tantamount, he had a right to draw a bill payable to his own agent, on which no damages Would have accrued on non-payment. But, circumstanced as the parties were, the plaintiff having goods of the defendant in hand, sufficient to liquidate the greater part of the debt, and the defendant having given permission to draw on him, 1 very much doubt the plaintiff’s right to involve the defendant in damages, to the amount of ten per cent, beyond the debt; and from any evidence which was given, I do not think he had a right to draw at so short a sight as three days, which does not appear to be the usual course of bills between Charleston and Philadelphia. I am of opinion there was error in that part of the charge which directed damages on the plaintiff’s bill; and therefore the judgment should be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de now awarded,